United States Courts
Southern District of Texas
FILED

MAR 03 2016

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA  §
§
vs.  §  CRIMINAL NO.
§
JACOB RILEY GARNER  §

H 16 095

CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

INTRODUCTION

At all times material to this Indictment:

1.  The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2.  The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
>
> (A)  the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

3.  The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2)(A), as any:

> "actual or simulated -
> (i)   sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
> (ii)  bestiality; [or]
> (iii) masturbation; [or]
> (iv)  sadistic or masochistic abuse; or
> (v)   [the] lascivious exhibition of the genitals or pubic area of any person."

1

4. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5. The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

> "producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6. The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Receipt of Child Pornography)

From on or about January 6, 2014, through on or about December 10, 2015, within the Southern District of Texas,

**JACOB RILEY GARNER,**

defendant herein, did knowingly receive material that contains child pornography using any means and facility of interstate and foreign commerce, including by computer.

**In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).**

2

## COUNT TWO
### (Access with Intent to View Child Pornography)

From on or about January 8, 2015, through on or about February 22, 2015, within the Southern District of Texas,

**JACOB RILEY GARNER,**

defendant herein, did knowingly access with intent to view material that contained images of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, or which were produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer.

**In violation of Title 18, United States Code, Section 2252A(a)(5)(B) and Section 2252A(b)(2).**

## COUNT THREE
### (Possession of Child Pornography)

On or about December 10, 2015, within the Southern District of Texas,

**JACOB RILEY GARNER,**

defendant herein, did knowingly possess material that contained multiple images and videos of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, or which were produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, more specifically: the defendant possessed a Toshiba laptop computer with serial number 5B411250K; and a 750 GB Toshiba MK7575GSX hard drive with serial number 31LGD0EDBN19, which contained videos and still images of child pornography.

**All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

## NOTICE OF FORFEITURE
## 18 U.S.C. § 2253(a)

Pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), the United States gives the defendant notice that in the event of conviction for the offenses charged in Counts One through Three of the Indictment, the United States will seek to forfeit all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts One through Three; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts One through Three, or any property traceable to such property, including, but not limited to, the following:

A Toshiba laptop computer with serial number 5B411250K; and

A 750 GB Toshiba MK7575GSX hard drive with serial number 31LGD0EDBN19.

A True Bill:
**Original Signature On File**

Grand Jury Foreperson

KENNETH MAGIDSON
United States Attorney

By: *Kimberly Ann Leo*
Kimberly Ann Leo
Assistant United States Attorney
713-567-9465

4